IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| WILLIAM WALKER | : | CIVIL ACTION |
| SHEILA WALKER | : | |
| | : | |
| v. | : | |
| | : | |
| PHELAN HALLINAN DIAMOND & | : | NO. 17-3633 |
| JONES | : | |

FILED
SEP 01 2017
KATE BARKMAN, Clerk
By_____Dep. Clerk

## MEMORANDUM

**RUFE, J.**                                                                                AUGUST 31st, 2017

Plaintiffs William and Sheila Walker bring this civil action against the law firm of Phelan Hallinan Diamond & Jones, LLP ("Phelan") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), for allegedly making false, deceptive, or misleading representations to collect a debt. *See* 15 U.S.C. § 1692(e). Plaintiffs seek leave to proceed *in forma pauperis*. The Court will grant plaintiffs leave to proceed *in forma pauperis* and dismiss the complaint.

### I. FACTS

In April of 2014, Phelan initiated a mortgage foreclosure proceeding against the plaintiffs in state court on behalf of their client Citimortgage. Phelan also represented Citimortgage's successors in interest—Bayview Loan Servicing, LLC and MTGLQ Investors, L.P. According to the complaint, Phelan obtained a judgment against plaintiff in August of 2016, and sold and purchased plaintiffs' property at a sheriff's sale on April 4, 2017. Plaintiffs allege that Phelan's filing of the foreclosure lawsuit and any efforts to pursue that lawsuit, including the sheriff's sale, violated the FDCPA because plaintiffs were granted a discharge in bankruptcy court in November of 2013.

1

Plaintiffs attached notices and other legal documents to the complaint that were served on them in connection with the foreclosure litigation. The Court understands plaintiffs to be alleging that two notices filed by Phelan in the foreclosure proceeding—a November 29, 2016 "notice of the date of continued sheriff's sale" and a February 6, 2017 "notice of the date of continued sheriff's sale"—are misleading. Plaintiffs suggest that the notices are misleading because Phelan was not authorized to collect the debt (presumably because of the bankruptcy discharge) and/or because Phelan did not adequately represent itself. Plaintiffs also allege that Phelan engaged in "deceptive" means of collecting a debt by moving forward with the April 4, 2017 sheriff's sale even though plaintiffs had filed a notice to remove the case to federal court.

## II. STANDARD OF REVIEW

Plaintiffs are granted leave to proceed *in forma pauperis* because it appears that they are incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the complaint if it fails to state a claim.

To survive dismissal a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The Court may also consider exhibits attached to the complaint and matters of public record in determining whether plaintiffs have stated a claim, *see Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006), and may address affirmative defenses that are obvious from the face of the complaint. *See Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by, Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). As plaintiffs are proceeding *pro se*, the Court construes their allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

The FDCPA prohibits debt collectors from making false, deceptive, or misleading representations to collect a debt. *See* 15 U.S.C. § 1692(e). "A claim under the FDCPA 'may be brought . . . within one year from the date on which the violation occurs.'" *Glover v. F.D.I.C.*, 698 F.3d 139, 148 (3d Cir. 2012) (quoting 15 U.S.C. § 1692k(d)). When a FDCPA claim is based on a defendant's allegedly improper pursuit of litigation to collect a debt, the FDCPA's one-year statute of limitations accrues at the latest when the plaintiff is served with process. *See Schaffhauser v. Citibank (S.D.) N.A.*, 340 F. App'x 128, 130-31 (3d Cir. 2009) (per curiam); *Hua v. Mortg.*, No. 14-7821 (JBS/AMD), 2015 WL 5722610, at *3 (D.N.J. Sept. 29, 2015). Here, it is apparent from the complaint and attached exhibits that plaintiffs were served more than a year before they initiated this lawsuit. Accordingly, any claims based on Phelan's initiation or prosecution of the 2014 foreclosure proceeding are time-barred.[1]

Plaintiffs have also failed to state a claim based on their allegations that the notices of the sheriff's sale were deceptive. It is clear from notices attached to the prior federal complaint filed by plaintiffs, Civ. A. No. 16-2253, which are a matter of public record, that Phelan clearly identified itself as a debt collector in connection with the 2014 lawsuit. Documents attached to the current complaint reflect that an attorney from Phelan entered his appearance for Citimortgage's successors in interest, including MTGLQ Investors, L.P., which was most recently substituted as the plaintiff in the foreclosure action against plaintiff. Accordingly, it would have been obvious to even the least sophisticated debtor receiving the notices regarding

---

[1] Notably, plaintiffs filed a FDCPA lawsuit against Phelan on May 9, 2016, related to Phelan's conduct in connection with the same foreclosure proceeding at issue in this case. *See Walker v. Phelan Hallinan Diamond & Jones, LLP*, E.D. Pa. Civ. A. No. 16-2253. The Court dismissed the complaint in that case for failure to state a claim and gave plaintiffs an opportunity to file an amended complaint, which they failed to do.

3

the sheriff's sale that the attorneys for Phelan represented entities seeking to collect a debt from plaintiffs via the foreclosure proceeding. *See Simon v. FIA Card Servs. NA*, 639 F. App'x 885, 888 (3d Cir. 2016); *see also Rhodes v. US Bank Nat'l Ass'n*, --- F. Supp. 3d ---, Civ. A. No. 15-5135, 2017 WL 770941, at *3 (E.D. Pa. Feb. 27, 2017) ("The communications at issue do not violate the FDCPA as a matter of law, as all of the communications were sent while the state court proceedings were pending, and Ms. Rhodes, who represented herself in that litigation, cannot have been unaware that U.S. Bank was attempting to collect a debt by foreclosing on the mortgage and that KML represented U.S. Bank."); *Barrows v. Chase Manhattan Mortg. Corp.*, 465 F. Supp. 2d 347, 360 (D.N.J. 2006) (holding that "where a law firm clearly represents a mortgagee in a foreclosure action against a mortgagor, and has previously issued the required 'mini-Miranda' warnings in writing, its subsequent communications with the debtor need not identify the law firm as a debt collector so long as the communication clearly and directly relates to the pending litigation."). To the extent plaintiffs believe the notices were improper because the underlying litigation violated the FDCPA, those claims are time-barred as discussed above.

Plaintiffs also allege that Phelan violated the FDCPA by moving forward with the sheriff's sale after they had filed a notice to remove the foreclosure case to this Court. *See Citimortgage, Inc. v. Walker*, E.D. Pa. Civ. A. No. 17-1493. It is apparent that the Walkers improperly tried to remove the case, despite knowing from a prior removal attempt that subject matter jurisdiction was lacking, *see Citimortgage v. Walker*, E.D. Pa. Civ. A. No. 14-3881, in an effort to avoid the sheriff's sale scheduled for the following day. Indeed, the notice of removal was not even docketed until the day of the sheriff's sale. The matter was almost immediately remanded to the Philadelphia Court of Common Pleas for lack of subject matter jurisdiction. *Id.* (Apr. 11, 2017 order). In remanding the case, the Court noted that it was the Walkers' second inappropriate

4

attempt to remove their case to federal court. *Id.* It is difficult to see how Phelan violated the FDCPA under such circumstances.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint. It is apparent that plaintiff's claims based on the foreclosure proceeding are time-barred and that the remaining claims are based on matters that are not actionable. Accordingly, the Court concludes that amendment would be futile. An appropriate order follows, which shall be docketed separately.